UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                              :
                                                                   :    Chapter 11 Case No.
AMES DEPARTMENT STORES, INC., *et al.*,    :    01-42217 (REG)
                                                                   :
            Debtors.                                     :    Jointly Administered
                                                                   :
------------------------------------------------------------x
AMES DEPARTMENT STORES, INC.,          :
                                                                   :    Adversary Proceeding
            Plaintiff,                                   :    No. 06-01890 (REG)
                                                                   :
      vs.                                                    :
                                                                   :
LUMBERMENS MUTUAL CASUALTY    :
COMPANY,                                               :
                                                                   :
            Defendant.                                 :
------------------------------------------------------------x

**STIPULATION AND ORDER REGARDING "STANDSTILL AGREEMENT"**

Whereas, on July 2, 2012, Andrew Boron, the Director of Insurance for the State of Illinois (the "Illinois Insurance Director"), commenced a rehabilitation action in a state court of Illinois against Lumbermens Mutual Casualty Company ("Lumbermens") (the last remaining defendant in this adversary proceeding), and, on the same day, obtained an "Agreed Order of Rehabilitation" (the "Rehabilitation Order") placing Lumbermens into rehabilitation and appointing the Illinois Insurance Director as Rehabilitator for Lumbermens (the "Rehabilitator");

Whereas, on July 3, 2012, counsel to Lumbermens notified counsel to Ames Department Stores, Inc. ("Ames"), plaintiff in this adversary proceeding (the "Adversary Proceeding"), of the issuance of the Rehabilitation Order;

1

Whereas, on July 6, 2012, counsel to Lumbermens filed a "Notice of Entry" of the Rehabilitation Order in this Adversary Proceeding;

Whereas, on July 11, 2012, Ames wrote a letter to this Court seeking permission to file a motion confirming that the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has exclusive jurisdiction over this Adversary Proceeding and certain monies held by the Bank of New York, as Trustee, for the benefit of The Travelers Indemnity Company, as beneficiary, totaling approximately $8 million (the "Trust Monies");

Whereas, on July 11, 2012, the Bankruptcy Court held a telephonic status conference on the record, during which, among other things, (a) the Court suggested that the parties attempt to negotiate a standstill agreement, and (b) the Court concluded that Ames had satisfied the Court's precondition for the submission of a proposed Order to Show Cause should the parties fail to reach a voluntary standstill agreement;

Whereas, by letter to the Bankruptcy Court dated July 17, 2012, counsel for Lumbermens requested a telephonic hearing concerning the parties' efforts to negotiate a standstill agreement; and

Whereas, also on July 17, 2012, Ames filed a "Motion to Confirm Exclusive Jurisdiction of Bankruptcy Court over Property of the Estate and Enjoining Any Attempts to Interfere with Trust Monies" ("Ames' Motion") (Docket No. 54), together with a proposed Order to Show Cause for an expedited hearing concerning Ames' Motion;

Whereas, in response to Ames' Motion and the July 17, 2012 letter request of Lumbermens' counsel, the Bankruptcy Court held a telephonic conference on the record on July 18, 2012;

NOW, THEREFORE, AMES AND THE REHABILITATOR AGREE AND STIPULATE AS FOLLOWS:

1. Neither Ames nor the Rehabilitator shall take any action, either unilaterally or in any forum, concerning or affecting jurisdiction over, or substantive rights with respect to, the Trust Monies prior to September 14, 2012, during which period the Adversary Proceeding shall also be stayed (the "Initial Standstill Period");

2. Ames' Motion (including Ames' related request for an Order to Show Cause) is hereby withdrawn without prejudice.

3. On or before the expiration of the Initial Standstill Period, the Rehabilitator shall cause to be communicated in writing delivered by email to Ames' counsel listed below the position of the Rehabilitator regarding the jurisdiction of the Bankruptcy Court to hear and determine this Adversary Proceeding, including but not limited to the Rehabilitator's position as to the jurisdictional issues raised in Ames' Motion.

4. During the forty-five day period following September 14, 2012 (i.e., through October 29, 2012, hereafter the "Second Standstill Period,"), the same terms as to mutual standstill set forth in paragraph "1" hereinabove shall continue to apply, except that Ames may move the Bankruptcy Court during the Second Standstill Period, upon an agreed briefing schedule or such schedule as the Bankruptcy Court shall determine, for any relief in this Adversary Proceeding as to which the parties have not reached agreement regarding the jurisdiction of the Bankruptcy Court to hear and determine this Adversary Proceeding (including anything that reasonably relates to or flows from that question) whereupon a cross-motion may be filed by the defendant regarding such jurisdiction of the Bankruptcy Court, in accordance with such schedule. In addition, Ames may apply to the Court for

3

permission to move for relief on any other grounds, at which point the Rehabilitator would have an opportunity to respond as to the propriety, timing and briefing of any such proposed application.

5. Nothing herein shall prevent the Rehabilitator from continuing to administer the Rehabilitation case in the Illinois court, including, but not limited to, filing routine paperwork, objecting to claims, and other matters concerning the operation of Lumbermens, provided that no such activity shall affect the disputes between Ames and the Rehabilitator (including any jurisdictional dispute or any dispute concerning the Trust Monies), in any manner inconsistent with this Stipulation and Order.  Nor shall anything herein prevent the Illinois Insurance Director, as regulator exercising his regulatory power, from causing to be filed in the Circuit Court of Cook County, Illinois a Verified Complaint for liquidation of Lumbermens, or from litigating same to conclusion.

6. Nothing herein shall prevent Ames from continuing to administer its estates, including prosecuting its chapter 11 plan, objecting to claims, and other matters concerning the operation of its estates, provided that no such activity shall affect the disputes between Ames and the Rehabilitator (including any jurisdictional dispute or any dispute concerning the Trust Monies), in any manner inconsistent with this Stipulation and Order.

7. The time periods set forth herein shall be extendable, only for cause, upon application to and approval by the Bankruptcy Court.

8. Nothing contained in this Stipulation and Order shall be deemed to constitute a waiver of any rights, defenses, or positions of any kind or nature by either the Rehabilitator or Ames, all of which are hereby expressly reserved and preserved.

9. The Bankruptcy Court shall retain jurisdiction over this Stipulation and Order.

Dated:    July 31, 2012

| | |
|---|---|
|     /s/ Bijan Amini |     /s Mark Gamell |
| Bijan Amini, Esq. | Mark S. Gamell, Esq. |
| Avery Samet, Esq. | Robert Beau Leonard, Esq. |
| STORCH AMINI & MUNVES PC | TORRE, LENTZ, GAMELL, GARY |
| 2 Grand Central Tower | & RITTMASTER, LLP |
| 140 E. 45th Street, 25th Floor | 100 Jericho Quadrangle, Suite 309 |
| New York, New York 10017 | Jericho, New York 11753 |
| Telephone: (212) 490-4100 | Telephone: (516) 240-8900 |
| Facsimile: (212) 490-4208 | Facsimile: (516) 240-8950 |
| *Attorneys for Ames* | *Attorneys for the Rehabilitator* |

SO ORDERED, on **August 1, 2012**.

*/s/ **Robert E. Gerber***
Honorable Robert E. Gerber
United States Bankruptcy Judge